[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13425
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cr-00210-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NARENDRAKUMAR P. PATEL,
a.k.a. Narendrakumas Patel,
a.k.a. Narendra Patel,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 30, 2011)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Narendrakumar Patel appeals his conviction for knowingly possessing a

firearm as an illegal alien. 18 U.S.C. § 922(g)(5)(A). Patel challenges the denial of his motions to suppress the contents of a black binder and a statement that he provided to an immigration officer. We affirm.

Patel argues that documents about his immigration status, which were stored in a black binder, were seized in violation of the Fourth Amendment, but we disagree. The documents in the binder were admissible under the plain view doctrine. The agents had obtained a warrant to search for "records of tax returns, documents listing personal information including DOB and SSN records, . . . documents associated with tax returns and refunds, . . . records, [and] books" containing evidence that Patel had profited from cashing tax refund checks which had been obtained fraudulently, and the agents were entitled to examine the documents in the binder to determine if they fell within the scope of the warrant. See United States v. Slocum, 708 F.2d 587, 604–05 (11th Cir. 1983). After the agents reviewed the documents, which included invoices charging Patel for filing several immigration applications and documents informing Patel that he had been admitted to the United States temporarily as an alien worker, the agents were entitled to seize the documents as evidence that Patel was in the United States illegally. See id. at 605. The district court did not err by denying Patel's motion to suppress the contents of the binder.

Patel also argues that his statements to immigration agents should have been suppressed as fruits of the unlawful search and seizure of the documents in the binder, but this argument fails. To be excluded as fruit of the poisonous tree, the evidence had to have been seized as a direct result of a constitutional violation. See United States v. Lopez-Garcia, 565 F.3d 1306, 1315 (11th Cir. 2009). Patel's "argument plainly collapses" because "as we have just explained, his Fourth Amendment rights were never violated." Id. The district court did not err by denying Patel's motion to suppress his statement.

Patel argues alternatively that his statements should have been suppressed because the federal agents failed to provide him warnings about his rights, see Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), but this argument fails too. A suspect is entitled to be warned of his constitutional rights if he is interrogated while in the custody of an officer. United States v. Lall, 607 F.3d 1277, 1284 (11th Cir. 2010). To be in custody, a suspect must have undergone a "'formal arrest or restraint on [his] freedom of movement of the degree associated with a formal arrest.'" Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 662, 124 S. Ct. 2140, 2148 (2004)). Patel agreed to accompany federal agents to their office, where Patel spoke with Agent Blake Diamond at Diamond's desk. Patel was not threatened or restrained during the interview, and "Miranda warnings are

not required 'simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect.'" California v. Beheler, 463 U.S. 1121, 1125, 103 S. Ct. 3517, 3520 (1983) (quoting Oregon v. Mathiason, 429 U.S. 492, 495, 97 S. Ct. 711, 714 (1977)).  Patel complains about not being "informed that he did not have to answer . . . questions or that he was free to go," but Patel never asked to terminate the interview or to leave nor does he argue that he was coerced or that agents made any show of force that led him to believe that his requests would be denied.  See United States v. Phillips, 812 F.2d 1355, 1360–62 (11th Cir. 1987).  Because Patel was not in custody when he gave a statement to Agent Diamond, Patel was not entitled to be told about his Miranda rights.  The district court did not err by denying Patel's motion to suppress based on a violation of Miranda.

Patel's conviction is **AFFIRMED**.